```
                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| DISNEY ENTERPRISES, INC., et al. | : <br> : |
| v. | : Civil Action No. DKC 2005-1291 |
| TYLER DELANE | : <br> : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion of Plaintiffs Disney Enterprises, Inc., Paramount Pictures Corporation, and Twentieth Century Fox Film Corporation for default judgment. (Paper 18). Plaintiffs request statutory damages and an injunction. The issues have been briefed and no hearing is deemed necessary. Local Rule 105.6. For the reasons that follow, the court will grant Plaintiffs' motion.

**I. Introduction**

The following information comes from Plaintiffs' amended complaint. (Paper 12). Plaintiffs are motion picture studios which, with their affiliates and/or subsidiaries, own the copyrights and/or exclusive reproduction and distribution rights to the eleven programs listed in Plaintiffs' Exhibit A to the amended complaint.[1]  Defendant Tyler Delane ("Delane"), a Canadian

---

[1] Specifically, Disney Enterprises, Inc., owns the copyrights for *Alias*, Episode 4-03, "The Awful Truth" and *Kevin Hill*, Episode 12, "Homeland Insecurity." Twentieth Century Fox Film Corporation owns the copyrights for *American Dad*, Episode 1, "Pilot;" *Arrested Development*, Episode 2-08, "Queen for a Day;" *Boston Legal*, Episode
(continued...)

resident, in conjunction with other unidentified persons, operated numerous BitTorrent trackers that facilitated the reproduction and distribution of a number of Plaintiffs' television programs.[2] Delane also operated a Web site, www.btefnet.net, by virtue of which Plaintiffs' works were copied and distributed.[3] Plaintiffs allege that Delane knowingly induced, caused, and/or otherwise materially contributed to the unauthorized reproduction and distribution of their copyrighted television programs in violation of 17 U.S.C. § 101, *et seq*.

---

[1](...continued)
1-13, "It Girls and Beyond;" *North Shore*, Episode 19, "Shark;" and *The Simple Life 3: Interns*, "Mechanics/Secretaries."  Paramount Pictures Corporation owns the copyrights for *CSI*, Episode 5-13, "Nesting Dolls;" *CSI: Miami*, Episode 3-13, "Cop Killer;" *CSI: NY*, Episode 11, "Tri-Borough;" and *Star Trek: Enterprise*, Episode 4-11, "Observer Effect."  (Paper 12, ex. A).

[2] As noted in the procedural history below, Plaintiffs filed their original complaint against Does 1-10.  After Plaintiffs identified Delane, they dropped Does 1-10 as defendants in the amended complaint and named Delane as the sole defendant, but Plaintiffs still referenced other "unidentified persons" in the body of the amended complaint.

[3] BitTorrent is a peer-to-peer network that allows for the copying and distribution of large files.  To use the BitTorrent network, users download and install a small program, which is the BitTorrent client application.  The client is the user's interface during the downloading process.  The BitTorrent client does not have the ability to search for files.  Users visit torrent sites, which are Web sites that contain an index of available files on the network.  The Web site hosts and distributes small files known as torrents.  Torrents do not hold copies of the program, but instead the torrents automatically and invisibly instruct a user's computer where to go and how to get the desired file.  After the user downloads the file, the user has a perfect digital copy that can be viewed, burned to a portable media like a DVD, or copied by and distributed to another user.  (Paper 12, at 4-6).

**II. Default**

Plaintiffs filed their initial complaint on May 13, 2005, against Does 1-10, alleging copyright infringement and requesting damages, a permanent injunction, and attorney's fees. (Paper 1). The same day Plaintiffs filed a motion for leave to take immediate discovery of the Internet service providers that connected the Doe defendants' computer servers to the Internet in order to learn the identities of the Doe defendants. (Paper 4). The motion was granted on May 17, 2005. (Paper 8). Plaintiffs also filed an additional motion for supplemental discovery on June 22, 2005, which the court granted the same day. (Papers 10, 11).

After the supplemental discovery, Plaintiffs were able to identify one of the Does and submitted an amended complaint naming Tyler Delane as Defendant. (Paper 12). Plaintiffs served Delane on October 27, 2005, with the summons and the complaint. (Paper 14). Delane failed to respond within twenty days, and Plaintiffs moved for an entry of default against Delane on January 17, 2006. (Paper 15). The clerk entered the default of Delane on February 7, 2006, for failure to plead or otherwise defend this suit. (Paper 17). Pursuant to Fed.R.Civ.P. 55(b), Plaintiffs filed a motion for judgment by default against Delane on February 13, 2006. (Paper 18). Plaintiffs requested statutory damages in the amount of $6,500 for each of the eleven infringements alleged in the amended

complaint and a permanent injunction.[4]  (Paper 18).  The court requested additional information underlying the request for statutory damages (paper 20), which Plaintiffs provided. (Paper 21).

The United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on the merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). However, default judgment is available when the "adversary process has been halted because of an essentially unresponsive party." *SEC v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005).

Delane was served properly with the complaint and summons and has not responded.  (Papers 14, 15).  Plaintiffs additionally contend that they repeatedly attempted to send e-mails to him and to contact him by telephone in order to resolve the dispute. (Paper 15, attach. 1 Fallow decl. ¶ 4).  Plaintiffs also state, on information and belief, that Delane is not an infant or incompetent person, and that he is not in military service. (Paper 15, attach. 1 Fallow decl. ¶¶ 7,8).

---

[4] Although Plaintiffs requested attorney's fees in their original and amended complaints, Plaintiffs do not request attorney's fees in their motion for default judgment. (Papers 12, 18).  Also, Plaintiffs' original request for statutory damages covered all eleven programs listed in the exhibit attached to the amended complaint, however, Plaintiffs later conceded that they were entitled to statutory damages for infringement of ten programs only. (Paper 21, at 3).

4

**III. Liability**

Plaintiffs seek statutory damages in the amount of $6,500 for ten of the eleven infringements alleged in the amended complaint and a permanent injunction.  Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not.  *SEC*, 359 F.Supp.2d at 422 (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).  In a copyright action, "to establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).

Plaintiffs have made sufficient factual allegations, taken as true upon Delane's default, to establish Delane's liability.  *See Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 391 (C.D.Cal. 2005); *Disney Enters., Inc. v. Farmer*, 427 F.Supp.2d 807, 810 (E.D.Tenn. 2006). First, they own the copyrights to all eleven programs listed in Exhibit A.  Second, Delane used his trackers and Web site to facilitate the reproduction and distribution of those copyrighted works and the site allowed users to sort torrents by the title of television shows available for download. Delane could view, in real-time, a list of all of the files his trackers were helping to distribute, he exercised total control over the infringing activity on his torrent site, and decided exacty what

5

torrents were indexed on the site and what files his trackers were helping to distribute.  Finally, these acts of infringement by Delane were willful, intentional, and purposeful.

**IV. Statutory Damages**

An infringer of copyright is liable for statutory damages, with respect to any one work, ranging from $750 to $30,000 as the court considers just.  *See* 17 U.S.C. § 504 (c)(1).  Where the infringement was committed willfully, the court may increase the award of statutory damages to a sum of not more than $150,000.  *See* 17 U.S.C. § 504 (c)(2).  The determination of statutory damages within the applicable limits may turn on such factors as the expenses saved and the profits reaped by the defendant in connection with the infringement; the revenues lost by the plaintiff as a result of the defendant's conduct; and the state of mind of the defendant, whether willful, knowing, or innocent. *N.A.S. Import, Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252 (2nd Cir. 1992).  The standard for willfulness is whether the defendant had knowledge that his or her conduct represented infringement or the defendant recklessly disregarded that possibility.  *Hamil Am., Inc. v. GFI*, 193 F.3d 92, 97 (2nd Cir. 1999), *cert. denied*, 528 U.S. 1160 (2000).  Also, when the infringement is willful, the statutory damages may be designed to penalize the infringer and to deter future violations. *See Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229-30 (7th Cir. 1991)

(cited with approval in *Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co., Inc.*, 74 F.3d 488, 496-97 (4th Cir.), *cert. denied*, 519 U.S. 809 (1996)).

The right to statutory damages is limited by the provisions of 17 U.S.C. § 412:

> In any action under this title, other than an action brought for a violation of the rights of the author under section 106A(a), an action for infringement of the copyright of a work that has been preregistered under section 408(f) before the commencement of the infringement and that has an effective date of registration not later than the earlier of 3 months after the first publication of the work or 1 month after the copyright owner has learned of the infringement, or an action instituted under section 411(b), no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for--
>
> (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
>
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

In their supplemental filing, Plaintiffs concede that Paramount Pictures Corporation did not register its copyright for *Star Trek: Enterprise*, Episode 4-11, "Observer Effect," until after Defendant commenced infringement of that program, and that the registration was not within three months after the first

publication of the work.  (Paper 21, at 3).  Therefore, Plaintiffs are not entitled to statutory damages for that program.

For the remaining ten programs, Plaintiffs have requested a reasonable amount of statutory damages.  The evidence shows that Delane's actions were willful infringements of Plaintiffs' copyrighted programs.  Delane controlled the trackers and his Web site, as well as the specific television program content that was made available for download.  Delane's acts may have enabled infringement on a widespread scale by allowing free and unfettered access not only to the copyrighted programs at issue here, but also to numerous other programs that Delane added daily to his Web site. (Paper 18, ex. 1).  Further, Delane provided these programs in a format that allowed others easily to distribute them.  Although Plaintiffs do not claim Delane profited from these activities, Plaintiffs assert, and support with a declaration from Dean C. Garfield, Vice-President and Director of Legal Affairs Worldwide Anti-Piracy for the Motion Picture Association, that Delane's facilitation of illegal downloads impacted DVD/home video revenues and rental revenues.  (Paper 18, attach. 3, Garfield decl. ¶ 10). Garfield's Declaration also indicates that digital piracy has a continuing financial impact on the entire motion picture industry. (Paper 18, attach. 3, Garfield decl. ¶ 10).

In light of Delane's willful infringement, and to deter future violations, the court will grant Plaintiffs' request for statutory

8

damages in the amount of $6,500 per each of the ten infringements, for a total of $65,000 in statutory damages. Disney Enterprises, Inc., will be awarded $13,000 for infringements of two of its copyrights, Twentieth Century Fox Film Corporation will be awarded $32,500 for infringements of five of its copyrights, and Paramount Pictures Corporation will receive $19,500 for infringements of three of its copyrights.

**V. Injunctive Relief**

Plaintiffs also have requested a permanent injunction. The court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "District courts within this circuit have held that when a claim of copyright infringement has been proven, a permanent injunction prohibiting further infringements is appropriate and routinely entered." *M.L.E. Music v. Kimble, Inc.*, 109 F.Supp.2d 469, 472-73 (S.D.W.Va. 2000) (citing cases). "A permanent injunction is especially appropriate where a threat of continuing infringement exists." *Id.* (quoting *Jasperilla Music Co., M.C.A. v. Wing's Lounge Assoc.*, 837 F.Supp. 159, 161 (S.D.W.Va. 1993)).

Nonetheless, in copyright actions the Supreme Court has "consistently rejected invitations to replace traditional equitable considerations with a rule that an injunction automatically follows

9

a determination that a copyright has been infringed." *eBay, Inc. v. MercExchange, LLC*, 126 S.Ct. 1837, 1840 (2006). The Court held:

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Id.*, 126 S.Ct. at 1839.

Plaintiffs allege, and the record supports, that they have suffered irreparable injury. Delane has made Plaintiffs' copyrighted programs available through his Web site and trackers, and there is no way to know how many times this content has been accessed and downloaded, or if he is continuing this infringing behavior. Also, Delane has not appeared or participated in this litigation, and because of the nature of his Web site and trackers, further infringements are a continuing threat, making remedies at law insufficient to compensate for Plaintiffs' injuries. Additionally, the screenshots of Delane's Web site show more than one hundred copyrighted programs available for download. Thus, Delane potentially has facilitated the download of far more than just the eleven programs listed in Plaintiffs' Exhibit A, and may continue to do so, particularly in light of his absence from these

proceedings, placing the resulting hardships squarely on the Plaintiffs. Finally, the public interest would not be disserved by a permanent injunction, as there is greater public benefit in securing the integrity of Plaintiffs' copyrights than in allowing Delane to make Plaintiffs' copyrighted material available to the public. The court therefore will grant the permanent injunction.

## IV. Conclusion

For the foregoing reasons, the court will grant the motion for default judgment in favor of Disney Enterprises, Inc., Paramount Pictures Corporation, and Twentieth Century Fox Film Corporation. The court will grant $65,000 in statutory damages to Plaintiffs and a permanent injunction against Delane. A separate Order will follow.

                                                         _____/s/_____
                                                   DEBORAH K. CHASANOW
                                                   United States District Judge